IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALABI HENRY FOLARIN (#087114029), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-2717-X-BN |
| DHS-ICE, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ORDER OF THE COURT REGARDING PAYMENT OF FILING FEE**

Petitioner Alabi Henry Folarin, detained by federal immigration officials in the Johnson County jail, filed a *pro se* habeas petition under 28 U.S.C. § 2241, challenging his continuing pre-removal detention. *See* Dkt. No. 3. His case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

As filed, Folarin's motion for leave to proceed *in forma pauperis* ("IFP") lacked a certificate of trust account ("CTA"), *see* Dkt. No. 4, preventing the Court from determining whether he qualifies to proceed IFP. Folarin responded to the Court's notice of deficiency as to the lack of a CTA [Dkt. No. 5] by providing one, reflecting that, as of December 4, 2019, he had over $63 in his trust account and that, moreover, $90 was deposited into that account on December 2 and $100 was deposited into the account on October 31, *see* Dkt. No. 7 at 2. But Folarin also represented to the Court

in his response that he has

> tried to make all the necessary effort to make the payment through the facility [where he is] detained via money order through my detainee trust account. The supervisor told me there is no such thing to remit money from a detainee trust account that's the facility policy they won't allow it even though I have money on my trust account $63.71 cent.

*Id.* at 1.

28 U.S.C. § 1915(a) sets forth the standards governing IFP motions. A district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). And the amount of money available to inmates in their prison trust account or from other sources should be considered. *See id.*; *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

The Court should not excuse Folarin from paying the filing fee, most notably because the financial information he has provided reflects that he has, at least recently, received regular, sizeable deposits into his trust account – and can therefore easily afford the $5.00 filing fee. *Cf.* N.D. TEX. MISC. ORDER NO. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (this Court routinely grants leave to proceed IFP if "the average six month balance of [an] inmate['s] trust account and other financial resources are less than Fifty Dollars").

But the Court will DIRECT the Clerk of Court to add Johnson County Sheriff

Adam King as an interested party in this action for the limited purpose of ensuring that the jail allows Folarin access to his trust account to pay the $5.00 filing fee. The Clerk shall therefore serve a copy of this order on Sheriff King. And the Court ORDERS Sheriff King to by **January 21, 2020** either (1) notify the Court, through a filed status report, that Folarin has been given access to his trust account to pay the filing fee or (2) show cause in writing why the Johnson County jail cannot allow Folarin access to his trust account to pay the filing fee. Sheriff King may then move to be removed as an interested party in this action.

## Recommendation

The Court should deny Petitioner Alabi Henry Folarin leave to proceed *in forma pauperis*, *see* Dkt. Nos. 4, and order that he pay the $5.00 filing fee within 30 days of any order accepting or adopting this recommendation (or within some other reasonable time to be set by the Court), and, if he fails to do so, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 20, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE