IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FOLARIN HENRY ALABI (A#087114029), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-2717-X-BN |
| DHS-ICE, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Folarin Henry Alabi, detained at an ICE facility in this district, filed a *pro se* 28 U.S.C. § 2241 petition, raising a single ground – "that the immigration judge made a procedural error in making his decision of not approving [Alabi's] release on a bond" – and requesting that he be released "pending the completion of [his] immigration case." Dkt. No. 3.

Alabi's habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

The government filed a response opposing the petition. *See* Dkt. Nos. 18 & 19. And Alabi moved for expedited consideration of his petition, *see* Dkt. No. 16, and filed a reply, *see* Dkt. No. 20 (appearing to clarify or, in response to the government's opposition, to possibly expand the scope of his request for relief: "Petitioner has been detained with DHS/ICE since August 9, 2018 over 20 months now petitioner contends the length of detention requires additional bond redetermination due to change of

circumstances.").

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to expedite and deny the habeas petition.

## Applicable Background

The government's response sets out the following background information, which Alabi has not contested:

> Petitioner is a native and citizen of Nigeria. [Dkt. No. 19 ("App.")] p. 19. Alabi entered the United States on or about February 29, 2008. *Id.* Thereafter, Alabi adjusted to a conditional lawful permanent resident on August 6, 2010, based upon a marriage to a U.S. citizen. *Id.* On August 6, 2012, his conditional permanent resident status was terminated, as his U.S. citizen spouse failed to appear for the interview to remove the conditions of his residency and he otherwise failed to show good cause for her failure to appear. *Id.*
>
> Alabi was then issued a Notice to Appear on December 15, 2015, alleging that he was removable from the U.S. as an alien whose conditional lawful permanent resident status was terminated. App. pp. 17-19. Alabi was given an $8,000 bond by an immigration judge in Houston, TX, and he was released from custody after posting such bond. App. p. 20.
>
> While his immigration court proceedings were pending, Alabi was convicted on August 23, 2017, of "Conspiracy to commit marriage fraud" and "Marriage fraud, aiding and abetting" in the United States District Court for the Southern District of Texas. App. pp. 1-11; 12. For these offenses, Alabi was sentenced to 18 months in federal prison. App. p. 13.
>
> Following his federal imprisonment, Alabi was transferred to ICE custody on or about August 9, 2018. Alabi requested bond and a hearing was held on September 5, 2018. App. p. 21. The Court denied his request for bond, finding he was a flight risk due to his criminal history and because he failed to demonstrate that he was likely to be granted relief in immigration court. App. pp. 21-22. Alabi appealed the bond decision, but on February 11, 2019, the Board of Immigration Appeals dismissed the appeal and upheld the immigration judge's decision to hold Alabi at no bond. App. pp. 32-33.
>
> Following a hearing on November 8, 2018, the immigration court affirmed the decision of U.S. Citizenship and Immigration Services

(USCIS) and held that the petition to remove the conditions of respondent's permanent resident status was properly denied, and the court ordered him removed to Nigeria. App. pp. 23-30.

On May 2, 2019, the Board of Immigration Appeals (BIA) remanded the case back to the immigration court, finding that Alabi was still eligible for an extreme hardship waiver under 8 USC § 1186a(c)(4)(B) even if he could not show his marriage was entered into in good faith. App. pp. 35-37.

Following the remand, on August 2, 2019, the immigration court specifically considered whether Alabi should be granted the extreme hardship waiver under 8 USC § 1186a(c)(4)(B). App. pp. 38-47. The immigration court found that Alabi had not met his burden to show extreme hardship, and did not merit relief as a matter of discretion. *Id.*

Alabi again appealed, and argued that USCIS did not properly address whether he was eligible for the extreme hardship waiver in the first instance; therefore the immigration court did not have the authority to review such decision. App. pp. 50-52. On January 17, 2020, the BIA again remanded the case to allow USCIS to clearly issue a decision on whether Alabi should be granted an extreme hardship waiver. *Id.* Thereafter, the immigration court could review such decision if necessary. At this time, it appears the waiver is still pending at USCIS.

Dkt. No. 18 at 1-3.

## Legal Standards and Analysis

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."); *cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

> As a general rule, federal district courts have jurisdiction under 28 U.S.C. § 1331 over "all civil actions arising under the Constitution, law, or treaties of the United States." But Congress may curtail that grant of jurisdiction "by establishing an alternative statutory scheme for administrative and judicial review." *Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, 929 F.3d 748, 754 (D.C. Cir. 2019).

*O.A. v. Trump*, 404 F. Supp. 3d 109, 127 (D.D.C. 2019).

The Immigration and Nationality Act contains such a scheme, under which "[j]udicial review in the removal context is heavily circumscribed," *Duron v. Johnson*, 898 F.3d 644, 646 (5th Cir. 2018). Applicable here, 8 U.S.C. § 1226(e) provides: "The Attorney General's discretionary judgment regarding the application of [Section 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Id.*[1]

And, "[u]nder § 1252(a)(2)(B)(ii), this Court has no jurisdiction to review [a] discretionary decision" that results in the "denial of parole." *Maldonado v. Macias*, 150 F. Supp. 3d 788, 794-95 (W.D. Tex. 2015) (collecting cases); *see also Palacios v. Dep't of Homeland Sec.*, ___ F. Supp. 3d ___, Civ. A. No. H-19-3051, 2020 WL 291722, at *5 (S.D. Tex. Jan. 21, 2020) ("The [United States Court of Appeals for the] Fifth Circuit held that Congress 'has denied ... district court[s] jurisdiction to adjudicate deprivations of ... statutory and constitutional rights to parole.'" (quoting *Loa-Herrera*

---

[1] *See also Nielsen v. Preap*, 139 S. Ct. 954, 959 n.2 (2019) (in discussing Section 1226, "replac[ing] 'Attorney General' with 'Secretary' because Congress has empowered the Secretary to enforce the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, though the Attorney General retains the authority to administer removal proceedings and decide relevant questions of law." (citations omitted)).

*v. Trominski*, 231 F.3d 984, 990-91 (5th Cir. 2000) (citing, in turn, 8 U.S.C. § 1182(d)(5)(A))); citation omitted).

But, to the extent that Alabi raises a broader constitutional challenge to his ongoing detention, the Court has jurisdiction to consider that challenge. *See Nielsen*, 139 S. Ct. at 962 ("As we have held, this limitation applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases. It does not block lawsuits over 'the extent of the Government's detention authority under the "statutory framework" as a whole.'" (quoting *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018) (quoting, in turn, *Demore v. Kim*, 538 U.S. 510, 517 (2003)))).

Liberally construing his contentions, Alabi could be raising a constitutional challenge based on the length of his detention and his argument that "the length of detention requires additional bond redetermination due to change of circumstances." First, this claim is conclusory, as Alabi does not explain what change in circumstances is material to a redetermination. And that Alabi is detained under Section 1226(a) – as opposed to Section 1226(c) – appears dispositive of any constitutional challenge he may be making. *See generally, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274 (3d Cir. 2018).

> The *Borbot* court outlined the basic structure of detention under § 1226(a), in which an alien may be detained pending a final decision on his removal, but must be given a bond hearing early in his detention. *Id.* at 275. Because of the structure of § 1226, the reasonableness inquiry applicable to § 1226(c) could not be grafted on to § 1226(a) cases: "unlike the § 1226(c) context, in which a habeas petition seeks to compel a bond hearing where there has been none, Borbot's habeas petition seeks to compel a second bond hearing despite alleging no constitutional defect in the one he received. This comes close to asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden

>us from undertaking." *Id.* at 279.
>
>Where a petitioner alleges no constitutional violations in his initial bond hearing under § 1226(a), but instead merely argues for habeas corpus relief on the basis of his prolonged detention, there is no constitutional requirement for a second bond hearing. *See id.* at 277 ("Borbot cites no authority, and we can find none, to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations."). Absent constitutional defects in the first bond hearing, therefore, a second bond hearing may only be granted "upon a showing that the alien's circumstances have changed materially." *See id.* (citing 8 C.F.R. § 1003.19(e)).

*Zhi Fei Liao v. Lowe*, No. 1:17-CV-00969, 2018 WL 6683346, at *3-*4 (D.N.J. Nov. 27, 2018), *rec. adopted*, 2018 WL 6650261 (D.N.J. Dec. 19, 2018); *see also Muhammad I-S v. Rodriguez*, Civ. No. 19-20469 (KSH), 2020 WL 1933991, at *2 (D.N.J. Apr. 22, 2020) ("[O]nce an alien has received a bond hearing before an IJ [under Section 1226(a), a federal district court] may neither review and set aside the immigration judge's determination as to bond, nor order a second bond hearing without proof of some 'constitutional defect' or other legal violation that in some way rendered the bond hearing the petitioner received less than bona fide." (citations omitted)); *Hachicho v. McAleenan*, No. EDCV 19-820-VAP (KK), 2019 WL 5483414, at *4-*5 (C.D. Cal. Oct. 18, 2019) ("To the extent Petitioner argues the two year duration of his detention violates due process, this claim fails. While 'prolonged detention without adequate procedural protections would raise serious constitutional concerns,' Petitioner cites no authority for the proposition that a noncitizen's detention pursuant to Section 1226(a) violates due process where he has been afforded the procedural protections contemplated by Section 1226(a). Here, the record demonstrates Petitioner has been granted bond hearings before an immigration

judge, redetermination hearings, and opportunities to appeal bond decisions to the BIA. *See* 8 U.S.C. § 1226(a)(2); 8 C.F.R. §§ 236.1(c)(8), 236.1(d)(3), 1003.19(e). Additionally, Petitioner's contention that the length of his detention violates due process under a 'reasonableness test' also fails. The 'reasonableness test' Petitioner presents is inapplicable, because it is derived from cases involving a different statutory source of detention, 8 U.S.C. § 1226(c) …. Section 1226(c) applies to criminal aliens subject to mandatory detention who are not entitled to bond hearings. Petitioner, however, is a noncitizen detained under Section 1226(a), who has received three bond detention hearings and pursued at least one appeal to BIA." (citations omitted)), *rec. accepted*, 2019 WL 5455722 (C.D. Cal. Oct. 22, 2019).

As the government notes in its response, "Alabi is detained as a matter of discretion under section 1226(a) after having received an initial release on bond, a revocation of bond, redetermination of bond, and an administrative appeal. He is able to seek a subsequent redetermination of bond at any time, 8 C.F.R. § 1003.19(e), though he has chosen not to." Dkt. No. 18 at 8 (footnote omitted).

For these reasons, any due process claim concerning his detention under Section 1226(a) that Alabi may make should be denied.

**Recommendation**

The Court should grant Petitioner Folarin Henry Alabi's motion to expedite [Dkt. No. 16] and deny his petition for habeas relief [Dkt. No. 3].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 29, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE