UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FOLARIN HENRY ALABI, § § *Petitioner*, § § v. § § DHS-ICE, § § *Respondent*. § | Civil Action No. 3:19-CV-02717-X-BN |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing *de novo* all relevant matters of record in this case, including the United States Magistrate Judge's proposed findings of fact and recommendations [Doc. No. 21] and petitioner Folarin Alabi's objection [Doc. No. 22], in accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

In his petition for writ of habeas corpus [Doc. No. 3], plaintiff Alabi alleges that the immigration judge made a procedural error in deciding not to approve his release on bond and requests that he be released pending the completion of his immigration case. Alabi subsequently filed a motion to expedite the hearing of this case [Doc. No. 16].

On April 29, 2020, the Magistrate Judge entered proposed findings of fact and recommendations recommending that the Court grant the motion to expedite and

1

deny the habeas petition. On May 8, 2020, Alabi filed an objection, which reiterates his case that his prolonged detention of over 20 months is unconstitutional because it is discretionary and unreasonable. The objection also notes that he has applied for a second bond redetermination.

The Magistrate Judge addresses Alabi's objection concerning prolonged detention in his discussion of *Hachicho v. McAleenan*,[1] which states that prolonged detention with adequate procedural protections—such as being given a bond hearing and opportunities to appeal bond decisions—does not violate the Constitution.[2] *Hachicho* also states that the "reasonableness" of the detention is not the correct test to use in evaluating constitutionality of discretionary detentions conducted pursuant to 8 U.S.C. § 1226(a).[3] The "reasonableness test" is only appropriate for mandatory detentions conducted pursuant to 8 U.S.C. § 1226(c).[4] Here, Alabi has been given adequate procedural protections: he was given a bond hearing and he appealed the decision of that hearing. Indeed, after receiving an adverse determination on appeal, he is now seeking a second hearing. As to whether his prolonged detention is reasonable, the "reasonableness test" under 8 U.S.C. § 1226(a) is inapplicable to discretionary detentions—such as this one.

Accordingly, the Court hereby **DENIES** Alabi's petition for habeas relief. By

---

[1] 2019 WL 5483414 (C.D. Cal. Oct. 18, 2019) (Kato, M.J.) *adopted by Hachicho v. McAleenan*, 2019 WL 5455722 (C.D. Cal. Oct. 22, 2019) (Phillips, J.).

[2] *See generally* 2019 WL 5483414 at *4–5.

[3] *See id.* ("The 'reasonableness test' Petitioner presents is inapplicable, because it is derived from cases involving a different statutory source of detention, 8 U.S.C. § 1226(c)." (citation omitted)).

[4] *See id.* ("Section 1226(c) applies to criminal aliens subject to mandatory detention who are not entitled to bond hearings." (citation omitted)).

separate judgment, the Court will dismiss this case without prejudice for lack of jurisdiction.

**IT IS SO ORDERED** this 15th day of May 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE